**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Gabriel Rojas (#20190813216), ) | |
| ) | |
| Plaintiff, ) | Case No. 20 C 5640 |
| ) | |
| v. ) | Hon. Steven C. Seeger |
| ) | |
| Officer Orozco, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

    The Court grants Plaintiff's application for leave to proceed *in forma pauperis* [3]. The trust fund officer at Plaintiff's place of incarceration is authorized to deduct $16.53 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court should send a copy of this order electronically to the trust fund officer at Cook County Jail and to the Court's Fiscal Department. The Court directs the Clerk of Court to: (1) file Plaintiff's complaint [1]; (2) issue summonses for service of the complaint on Defendants Orozco, Hidalgo, and Gumble; and (3) send Plaintiff three blank USM-285 service forms, a magistrate judge consent form, filing instructions, and a copy of this order. The Court advises Plaintiff that a completed USM-285 form for each Defendant is required for service. The U.S. Marshal will not attempt service of the complaint on a Defendant unless and until the required form for that Defendant is received. The U.S. Marshal is appointed to serve Defendants upon receipt of the Forms USM-285. Plaintiff's motion for attorney representation [4] is denied without prejudice.

**STATEMENT**

    Plaintiff Gabriel Rojas, a pretrial detainee at Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that three jail officers used excessive force against him. The Court considers Plaintiff's application for leave to proceed *in forma pauperis*, his complaint, his motion for attorney representation, and his request for clarification.

*Plaintiff's Application for Leave to Proceed in Forma Pauperis*

    Plaintiff's application for leave to proceed *in forma pauperis* is granted because it demonstrates that he cannot prepay the filing fee. *See* IFP Application (Dckt. No. 3). Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $16.53 to the Clerk of Court for the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to

automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number.

*Initial Review of Plaintiff's Complaint*

Under 28 U.S.C. § 1915A, the Court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Here, Plaintiff states that he was transferred from Division 16 at Cook County Jail to Tier 2-A of Division 6 in May of 2020. *See* Cplt., at 4 (Dckt. No. 14). After his transfer, Plaintiff did not receive his prescribed medication for his seizures and anxiety. *Id.* Plaintiff brought the problem to the attention of officers and medical staff and filed grievances, but he did not receive his medication. *Id.*

On May 16, 2020, Plaintiff refused to return to his cell to lock up for the evening until he was able to speak with someone about his medication. *Id.* Sergeant Gumble, Officer Orozco, and Officer Hidalgo came to the tier to speak with Plaintiff. *Id.* at 5. Gumble told Plaintiff to lock up in his cell. *Id.* Plaintiff instead asked her about his medication. *Id.* Gumble told Plaintiff she would get his medication and again directed him to lock up. *Id.* Plaintiff began walking back to his cell, escorted by Gumble, Orozco, and Hidalgo. *Id.* As he walked to the

2

cell, Gumble began shaking a can of mace, Orozco twisted his wrist, and Hidalgo pushed him. *Id.*

Plaintiff states he "made them aware that there was no reason for that" because he was complying and going back to his cell. *Id.* When the officers continued to push him, Plaintiff turned around to ask them what the problem was. *Id.* at 6. At that point, Plaintiff states the officers lunged at him and struck him several times. *Id.* Plaintiff put his hands up and walked backwards to his cell. *Id.* Orozco and Hidalgo again lunged at Plaintiff, punched him several times in the face and head and threw him to the floor. (*Id.*) Gumble then sprayed Plaintiff with mace even though Plaintiff alleges he was "detained already." *Id.* Based on these events, Plaintiff claims that Gumble, Orozco, and Hidalgo's use of force against him was unreasonable.[1]

Jail officials violate a detainee's constitutional due process rights when their use of force is objectively unreasonable. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015); *Forrest v. Prine*, 620 F.3d 739, 744 (7th Cir. 2010). Force is unreasonable when it is not "rationally related to a legitimate nonpunitive governmental purpose," such as maintaining order, or is "excessive in relation to that purpose." *Kingsley*, 135 S. Ct. at 2473. Plaintiff's allegations that Gumble, Orozco, and Hidalgo beat him and sprayed him with mace even though he was returning to his cell as directed sufficiently state constitutional claims for excessive force. Although Plaintiff initially refused to lock up for the evening, he alleges that he was complying when the Defendants used force against him. The facts in the complaint support a claim that the Defendants' reaction when Plaintiff turned to ask them a question was excessive in relation to the threat he may have posed. That allegation may or may not pan out, but at this early stage of the case, the Court must take the allegations of the complaint as true.

Accordingly, Plaintiff may proceed on his excessive force claim against Defendants Gumble, Orozco, and Hidalgo. The Court directs the Clerk of Court to issue summonses for service of the complaint on Defendants. The Court directs the Clerk to mail Plaintiff three USM-285 (Marshals service) forms and advises Plaintiff that a completed USM-285 form is required for service for each Defendant. The Marshal will not attempt to serve a Defendant unless and until the required form for that Defendant is received. Plaintiff must therefore complete and return service forms for Defendants, and failure to do so may result in dismissal of an unserved Defendant or dismissal of this case in its entirety.

---

[1] Although Plaintiff mentions his missed medication in the complaint, he focuses on the May 16, 2020 events and only names the officers involved in those events as Defendants. Therefore, it does not appear that Plaintiff is attempting to state a claim here relating to the medication. Even if he were attempting to state such a claim, it is not certain that a claim regarding his medication would be properly joined to his excessive force claim. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits," in part to avoid morass of claims and defendants, "but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.")

The Court appoints the U.S. Marshals Service to serve Defendants. The Court directs the Marshal to make all reasonable efforts to serve Defendants. With respect to any former employee of Cook County Jail who can no longer be found at the work address provided by Plaintiff, officials there must furnish the Marshal with the Defendant's last-known address. The Marshal will use the information only for purposes of effectuating service or to show proof of service, and any documentation of the address shall be retained only by the Marshals Service. The Court will not maintain address information in its file and the Marshal will not disclose the information, except as necessary to serve a Defendant. The Court authorizes the Marshal to send a request for waiver of service consistent with Federal Rule of Civil Procedure 4(d) before attempting personal service.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Any letters or other documents sent directly to a judge or that do not comply with these instructions may be disregarded by the Court or returned to Plaintiff. Plaintiff must promptly submit a change-of-address notification if he is transferred to another facility or released. Failure to do so may lead to dismissal of this action for failure to comply with a Court order and for want of prosecution.

*Plaintiff's Motion for Attorney Representation*

Plaintiff's motion for attorney representation is denied at this time. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). The Court, however, may request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In deciding whether to recruit counsel, the Court engages in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on his own or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). This analysis focuses not only on the plaintiff's ability to try the case, but also on his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

First, Plaintiff indicates he has contacted only one attorney: Sean Brown. A review of Mr. Brown's website indicates he would be unlikely to accept this type of litigation, absent recruitment by the Court. *See*, The Law Office of Sean Brown, Cases We Handle, https://attorneyseanbrown.com/cases-we-handle (last visited Oct. 21, 2020). Plaintiff therefore has not made reasonable attempts to secure counsel on his own. Second, recruitment of counsel is unnecessary at this time. This case is in its very early stages and the Court has not had sufficient opportunity to determine if Plaintiff is able to proceed on his own. *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) (noting that counsel is often unnecessary at the beginning stages of a case). Plaintiff may renew his request for an attorney at a later stage of the case.

*Plaintiff's Request for Clarification*

        Lastly, the Court notes that Plaintiff submitted a letter in which he requests clarification of two matters. Pl.'s Letter (Dckt. No. 5). First, he asks how to determine who is representing Defendants in this matter. Defendants have not yet been served; therefore, no attorney has entered an appearance on their behalf. Plaintiff will receive notice once an attorney appears for Defendants. Second, Plaintiff expresses confusion as to why it appears from the case caption that Officer Orozco is the only named Defendant. Although the case name, *Rojas v. Orozco et al.*, only lists one Defendant's name, Officers Orozco, Hidalgo, and Gumble are all listed as Defendants on the full docket. Plaintiff is proceeding against all three officers.

Date: December 3, 2020

                                            Steven C. Seeger
                                            United States District Judge