IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GABRIEL ROJAS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20CV5640 |
| | ) | |
| v. | ) | |
| | ) | Judge Steven C. Seeger |
| OFFICER OROZCO, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO DISMISS

NOW COME Defendants, Corrections Officer Orozco, Corrections Officer Hidalgo, and Sergeant Gumbel (collectively "Defendants"), by and through their attorney, Kimberly M. Foxx, State's Attorney of Cook County, through her Assistant State's Attorney, Rachael D. Wilson, and respectfully move this honorable Court to enter an order dismissing Plaintiff's Complaint pursuant to 28 U.S.C. 1915(g) and 42 U.S.C. 1997e(e). In support of Defendants' Motion, Defendants state:

### INTRODUCTION

Plaintiff Gabriel Rojas, *pro se*, mailed Plaintiff's Complaint on September 14, 2020, alleging a Section 1983 excessive force claim against Defendants. Plaintiff's Complaint, however, should be dismissed with prejudice because Plaintiff: (1) failed to follow Court orders; (2) provided false information to the court committing fraud on the court; and (3) has no physical injury. Therefore, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice.

### FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Complaint and presumed true solely for the consideration of this Motion to Dismiss. On May 16, 2020, Plaintiff refused to lock up in his cell

because he wanted to speak to someone about his medications. Dkt. 7 at 4. Sergeant Gumbel responded to the tier with Officer Orozco and Officer Hidalgo and spoke with Plaintiff. *Id.* at 5. Sergeant Gumbel told Plaintiff that she would inquire about his medication. *Id.* Plaintiff accepted Sergeant Gumbel's response. *Id.* Defendants escorted Plaintiff to his cell for lock up. *Id.* At some point during the escort, Defendants and Plaintiff scuffled, how the scuffle began is not clearly alleged. *Id.* Plaintiff states that Officer Orozco and Officer Hidalgo pushed Plaintiff after Sergeant Gumbel shook a can of mace. *Id.* at 5-6. Officers then lunged at plaintiff and attempted to strike Plaintiff. *Id.* at 6. Plaintiff asked Officers Orozco and Hidalgo if there was an issue. *Id.* The officers lunged again, punched Plaintiff in the face, and threw Plaintiff to the floor. *Id.* At that point, Sergeant Gumbel sprayed Plaintiff with the mace. *Id.* Plaintiff does not state that he was injured or any harm resulted from the incident. Plaintiff states that no officer was injured and no officer pressed charges against Plaintiff. *Id.* at 6.

## STANDARD OF REVIEW

The opportunity to proceed *in forma pauperis* "is a privilege provided for the benefit of indigent persons and the court system depends upon the honesty and forthrightness of applicants to ensure that the privilege is not abused." *Chung v. Dushane*, 03 C 5955, 2003 U.S. Dist. LEXIS 22061, at *2003 WL 22902561, at *2 (N.D. Ill. 2003) (citing *Denton v. Hernandez*, 504 U.S. 25, 27 (1992)). "Plaintiffs who attempt to deceive federal judges . . . cannot expect favorable treatment in matters of discretion." *Campbell v. Clarke*, 481 F.3d 967, 969 (7th Cir. 2007); *see also Sameron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009) (district court has inherent power to sanction a party who has willfully abused the judicial process or otherwise conducted litigation in bad faith). "In general, courts may impose appropriate sanctions, including dismissal or default, against litigants who violate discovery rules and other rules and orders designed to enable judges

to control their dockets and manage the flow of litigation." *Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011). A court may dismiss a complaint if the litigant provides false information to the court, thus committing fraud on the court. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008). Upon a finding of fraud on the court, a suit is subject to immediate dismissal. *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). A plaintiff's omission may be characterized as fraud on the court and justifies dismissal of the plaintiff's action with prejudice. *Id.* at 859.

## ARGUMENT

**1. The Court should dismiss Plaintiff's Complaint because Plaintiff failed to follow this Court's orders.**

A district court possesses the inherent authority to dismiss a case for want of prosecution. *See Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998). The Court has authority under Rule 41(b) to dismiss a case as a sanction for failure to prosecute and noncompliance with a court order. *Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1018 (7th Cir. 2000). The Seventh Circuit has set forth certain factors to guide a district court in determining whether to dismiss a case for want of prosecution under Rule 41(b), including the magnitude of the plaintiff's failure to comply with deadlines, the effect those failures have on the judge's calendar and time, the prejudice to the defendant, and the probable merits of the suit. *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (dismissing the complaint for failure to prosecute where the plaintiff continuously failed to respond to discovery requests). A plaintiff is entitled to a due warning that the court may dismiss the case, but a court is not required to take less drastic sanctions before dismissing the case. *See Ball v. City of Chicago*, 2 F.3d 752, 755-757 (7th Cir. 1993).

Plaintiff has failed to follow the Court's orders, despite the warnings of the Court. "Plaintiff must promptly submit a change-of-address notification if he is transferred to another facility or

3

released." Dkt. 6, 4. This Court ordered Plaintiff to submit a change of address as early as December 3, 2020. *Id.* Plaintiff pled guilty to the underlying criminal charges on March 23, 2021. Dkt. 13. Defendant mailed a copy of the status report to Plaintiff on April 2, 2021. As of this filing, the April 2, 2021, mailing has not returned undeliverable. Additionally, this Court informed Plaintiff multiple times that he is required to update the Court of a change of address. Dkt. 6 at 4; Dkt. 14. On April 8, 2021, as this Court ordered, Defendants mailed a copy of the Court's April 7, 2021 order. As of this filing, the April 8, 2021, mailing has also not returned undeliverable despite the Court receiving the returned mail on April 22, 2021. *See* Dkt. 15. Plaintiff, however, has yet to update his address or reach out to Defendants regarding the case, despite receiving the mail from both the Court and Defendants. Accordingly, Plaintiff has failed to follow court order and his case should be dismissed with prejudice for failure to follow court orders.

**2. The Court should dismiss Plaintiff's Complaint because Plaintiff committed fraud on the court in his form complaint.**

The Seventh Circuit has affirmed district court dismissals of a prisoner plaintiff's case, with and without prejudice, after finding that the plaintiff made fraudulent representations in his form complaint. *See Martin v. Fowler*, 804 Fed. App'x 414 (7th Cir. 2020) (false statements in request for counsel); *Donelson v. Hardy*, 931 F.3d 565 (7th Cir. 2019) (false assertions during discovery, among other concerns); *Aguilar v. Goldberg*, 770 Fed. App'x 293 (7th Cir. 2019) (misrepresentation in his *in forma pauperis*); *Hoskins v. Dart*, 633 F.3d 541 (7th Cir. 2011) (misrepresentation in legislative history); *O'Conner v. Chi. Bd. Of Educ.*, 790 Fed. App'x 801 (7th Cir 2019) (misrepresentations on financial affidavit were supported by the record and intentional); *Ayoubi v. Dart*, 640 Fed. App'x 524 (7th Cir. 2016) (finding that the plaintiff lied in his requests for greater law library access). A dismissal with prejudice is appropriate when an inmate attempts to "intentionally mislead the court in pursuit of some illicit benefit[.]" *Wilson v. Wxford Med.*

4

*Servs.,* 751 Fed. App'x 956, 957 (7th Cir. 2019). Perpetrating "fraud" on the court offers an independent justification for "immediate termination of the suit." *Sloan v. Lesza,* 181 F.3d 857, 859 (7th Cir. 1999). A court may impose sanctions on a *pro se* litigant if the litigant provides false information to the court, effectuates a fraud on the court, and/or fails to comply with the Federal Rules of Civil Procedure. *See Hoskins*, 633 F.3d at 544.

Plaintiff provided false information to the Court in his form complaint. Plaintiff stated, and certified as true, that no criminal charges were filed against him related to the incident he complained of in his federal form complaint. Dkt. 7 at 6. According to the certified docket sheets filed with Defendants' Motion to Stay, Plaintiff was arraigned for the charges arising out of the alleged incident in the federal complaint on July 28, 2020. Dkt. 11, Ex. A. Prior to Plaintiff filing a federal complaint, the state criminal court held four court appearances of which Plaintiff was in attendance at least once. *Id.* at 1-2. Plaintiff wrote, signed, and dated his federal complaint on September 14, 2020 certifying that the facts in the complaint were true to the best of his knowledge, information, and belief, six weeks after his arraignment. Plaintiff was aware that he had been charged for his conduct related to the facts alleged in his federal complaint at least by July 28, 2020. In his complaint, however, Plaintiff stated "none of the officers ever received medical treatment or press any charges." At the time Plaintiff signed his complaint, Plaintiff had been arraigned and in state criminal court for the events he alleged in his federal complaint. By certifying that his complaint contained true and accurate statements, Plaintiff committed fraud on the court. Therefore, Plaintiff's claims should be dismissed for providing false information.

### 3. The Court should dismiss Plaintiff's complaint with prejudice because the PLRA bars Plaintiff's claims.

At the time of filing, Plaintiff was a pretrial detainee held in the Cook County Jail; thus, his suit is governed by the Prisoner Litigation Reform Act ("PLRA"). The goal of the PLRA, in

5

part, "was to cabin not only abusive but also simply meritless prisoner suits." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1726 (2020). Under the PLRA, a person confined in jail cannot file a federal civil action for mental or emotional injury suffered during custody "without a prior showing of physical injury." 42 U.S.C. §1997e(e). A plaintiff cannot bring suit without a physical injury greater than *de minimis.* 42 U.S.C. §1997e(e), (h). *See Wade v. Haida*, 2013 U.S. Dist. LEXIS 119992 at *17-18 (S.D. Ill. 2013) (*citing Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988)). *See Granville v. Dart*, 2011 U.S. Dist. LEXIS 25683, at *16 (N.D. Ill. 2011) ("Even shocks from exposed wiring have been found to be primarily an easily avoided, unpleasant inconvenience.") (*citing Morissette v. Peters*, 45 F.3d 1119, 1124 (7th Cir. 1995)); *Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006) (The Seventh Circuit cited two cases in which the Court explains a "prisoner's weight loss, appetite loss, and insomnia after an alleged constitutional violation is not a physical injury."). Without a showing of physical injury, a detainee cannot bring an action for damages. *Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997). Risk of harm is not sufficient to constitute an injury. *Logan v. City of Evanston*, 2020 U.S. Dist. LEXIS 188625, at *8, 2020 WL 6020487 (N.D. Ill. October 12, 2020) (*citing Estate of Her v. Hoeppner*, 939 F.3d 872, 876 (7th Cir. 2019)) ("An allegation that the defendant's conduct created a risk of harm is insufficient. an actual injury must result from the defendant's conduct.").

Plaintiff has alleged no injury, whether physical or emotional, not even pain or suffering. Plaintiff has alleged that he was at higher risk of being hurt from being maced within one foot. Dkt. 7 at 6. Plaintiff, however, does not allege any injury, damage, or harm any of the allegations caused. Although the Court will view a *pro se* complaint liberally, Plaintiff must at least allege a fact suggesting that Plaintiff sustained a justiciable harm. *Brown v. Wexford Health Sources*, 2014 U.S. Dist. LEXIS 8177, at *8, 2014 WL 257552 (N.D. Ill. Jan. 23, 2014) ("While the Court will

liberally construe a *pro se* litigant's complaint, the Court cannot assert Plaintiff's claims for him."). Plaintiff did not offer any such fact suggesting a harm from the incident. Again, the risk of harm is not a justiciable injury. *See Logan*, 2020 U.S. Dist. LEXIS 188625, at *8. Accordingly, Plaintiff's claims should be dismissed because Plaintiff alleges no justiciable injury, whether physical or emotional, and thus cannot proceed on his claims.

## CONCLUSION

WHEREFORE Defendants respectfully request that the Court dismiss Plaintiff's Complaint for failure to follow court orders, providing false information to the court, and failure to allege an injury. Alternatively, because of Plaintiff's misrepresentation and failure to follow court orders, the Court should revoke Plaintiff's *in forma pauperis* status. Moreover, Defendants request that the Court stay any responsive pleadings in this matter until the Court rules on this motion.

          Respectfully submitted,

          KIMBERLY FOXX
          State's Attorney of Cook County

By:   */s/ Rachael D. Wilson*
       Rachael Wilson
       Assistant State's Attorney
       Cook County State's Attorney's Office
       500 Richard J. Daley Center
       Chicago, Illinois 60601
       Rachael.wilson@cookcountyil.gov
       (312) 603-2721

**CERTIFICATE OF SERVICE**

      I hereby certify that I have caused true and correct copies of the above and foregoing to be served on Plaintiff pursuant to ECF, in accordance with the rules of electronic filing of documents on this 23rd day of April, 2021.

Gabriel Rojas
M47240
P.O. Box 112
Joliet, IL 60434

                                                                  */s/ Rachael D. Wilson*
                                                                  Rachael D. Wilson