**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GABRIEL ROJAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OFFICER OROZCO, ) <br> ) <br> Defendants. ) | Case No. 20CV5640 <br><br> Judge Steven C. Seeger |

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

NOW COME Defendants, Corrections Officer Orozco, Corrections Officer Hidalgo, and Sergeant Gumbel (collectively "Defendants"), by and through their attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Rachael D. Wilson, and submit DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS. In reply in support of their Motion, Defendants state:

### INTRODUCTION AND PROCEDURAL BACKGROUND

Plaintiff Gabriel Rojas, *pro se*, mailed Plaintiff's Complaint on September 14, 2020, alleging a Section 1983 excessive force claim against Defendants. Dkt. 1. Defendants waived service on December 31, 2020 and moved to stay proceedings on January 20, 2021. Dkts. 10, 11. The Court granted the stay until resolution of Plaintiff's criminal matter. Dkt. 12. On April 7, 2021, the Court lifted the stay and set a briefing schedule for Defendant's Motion to Dismiss. Dkt. 14. Defendants filed their Motion to Dismiss on April 23, 2021. Dkt. 16. On April 23, 2021, the Court reset the briefing schedule for Defendant's Motion to Dismiss, with Plaintiff's response brief due on or before May 21, 2021, and Defendants' reply brief due on or before June 4, 2021. Dkt. 18. On April 29, 2021, the Court directed Defendants to mail Plaintiff their motion to his new address.

1

Dkt. 19. Defendants did so. Dkt. 22. Plaintiff mailed the Court a letter, which the Court held to be a request for production under Federal Rule of Civil Procedure 34. Dkts. 20, 21. Other than Plaintiff's letter [Dkt. 20], Defendants have not had communication from Plaintiff, and to date, Plaintiff has failed to respond to Defendants' Motion to Dismiss.

### ARGUMENT

### I. Plaintiff has failed to respond to Defendants' Motion to Dismiss.

As of this filing, Plaintiff has not responded to Defendants' Motion to Dismiss. "A party's failure to respond to arguments the opposing party makes in a motion to dismiss operates as a waiver or forfeiture of the claim and an abandonment of any argument against dismissing the claim." *Golbeck v. Johnson Blumberg & Associates, LLC.*, 2017 U.S. Dist. LEXIS 112493, at *16 (N.D. Ill. 2017) (internal quotations and citations omitted) (Dow, J.). "The federal courts will not invent legal arguments for litigants; the non-moving party must proffer some legal basis to support his cause of action when faced with a motion to dismiss." *Id.*

Plaintiff failed to respond to Defendants' Motion to Dismiss within the briefing schedule set by the Court. Although Plaintiff is *pro se*, Plaintiff has demonstrated his knowledge and understanding of obligations to the Court by updating his address, albeit untimely. *See* Dkt. 20. Due to Plaintiff's failure to timely respond to Defendants' Motion to Dismiss, Plaintiff has waived any arguments he could have made against Defendants' Motion to Dismiss. *Golbeck*, 2017 U.S. Dist. LEXIS 112496, at *16. "By failing to respond responsively to the motion to dismiss, plaintiff forfeited his rights to continue litigating his claim." *Id.* Accordingly, Defendants stand on the arguments asserted in their Motion to Dismiss. Dkt. 16. Therefore, the Court should dismiss Plaintiff's claims with prejudice because Plaintiff: (1) failed to follow Court orders; (2) provided false information to the court committing fraud on the court; and (3) has no physical injury.

First, although Plaintiff did inform the Court of his new address, Plaintiff failed to do so timely. Plaintiff was rendered into the custody of the Illinois Department of Corrections on March 26, 2021. *See* Ex. A.[1] Plaintiff did not mail his letter to the Court updating his address until April 26, 2021, a month later. Not only did Plaintiff fail to update his address timely, Plaintiff has also failed to respond to Defendants motion as the Court ordered. Defendants mailed a second copy of their Motion to Dismiss to Plaintiff as the Court ordered on April 29, 2021. Dkt. 22. The Court issued multiple orders with Plaintiff's response date included on the orders, yet Plaintiff did not respond. Therefore, Plaintiff failed to follow the Court's orders.

Second, Plaintiff committed fraud on the court in his form complaint when he signed the form complaint attesting that the statements made were true and accurate. *See Martin v. Fowler*, 804 Fed. App'x 414 (7th Cir. 2020) (false statements in request for counsel); *Donelson v. Hardy*, 931 F.3d 565 (7th Cir. 2019) (false assertions during discovery, among other concerns); *Aguilar v. Goldberg*, 770 Fed. App'x 293 (7th Cir. 2019) (misrepresentation in his *in forma pauperis*); *Hoskins v. Dart*, 633 F.3d 541 (7th Cir. 2011) (misrepresentation in legislative history); *O'Conner v. Chi. Bd. Of Educ.*, 790 Fed. App'x 801 (7th Cir 2019) (misrepresentations on financial affidavit were supported by the record and intentional); *Ayoubi v. Dart*, 640 Fed. App'x 524 (7th Cir. 2016) (finding that the plaintiff lied in his requests for greater law library access). Plaintiff stated that no criminal charges had been filed regarding the incident of his complaint when he was on notice that charges had been filed. According to the certified docket sheets filed with Defendants' Motion to Stay, Plaintiff was arraigned for the charges arising out of the alleged incident in the federal

---

[1] The Court may take judicial notice of Plaintiff's transfer to Illinois Department of Corrections custody. *Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012) ("A court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questions.").

3

complaint on July 28, 2020. Dkt. 11, Ex. A. Prior to Plaintiff filing a federal complaint, the state criminal court held four court appearances of which Plaintiff was in attendance at least once. *Id.* at 1-2. Plaintiff wrote, signed, and dated his federal complaint on September 14, 2020, certifying that the facts in the complaint were true to the best of his knowledge, information, and belief, six weeks after his arraignment. Accordingly, Plaintiff's complaint should be dismissed with prejudice for fraud on the court.

Lastly, Plaintiff has no physical injury to demand compensatory damages. Under the Prison Litigation Reform Act ("PLRA"), a person confined in jail cannot file a federal civil action for mental or emotional injury suffered during custody "without a prior showing of physical injury." 42 U.S.C. §1997e(e). A plaintiff cannot bring suit without a physical injury greater than *de minimis.* 42 U.S.C. §1997e(e), (h). *See Wade v. Haida*, 2013 U.S. Dist. LEXIS 119992 at *17-18 (S.D. Ill. 2013) (*citing Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988)). *See Granville v. Dart*, 2011 U.S. Dist. LEXIS 25683, at *16 (N.D. Ill. 2011) ("Even shocks from exposed wiring have been found to be primarily an easily avoided, unpleasant inconvenience.") (*citing Morissette v. Peters*, 45 F.3d 1119, 1124 (7th Cir. 1995)); *Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006) (The Seventh Circuit cited two cases in which the Court explains a "prisoner's weight loss, appetite loss, and insomnia after an alleged constitutional violation is not a physical injury."). Plaintiff has only alleged that he was at higher risk of being hurt from being maced within one foot, which is not actionable under the PLRA. *See* Dkt. 7 at 6. Plaintiff, however, does not allege any injury, damage, or harm any of the allegations caused. Although the Court will view a *pro se* complaint liberally, Plaintiff must at least allege a fact suggesting that Plaintiff sustained a justiciable harm. *Brown v. Wexford Health Sources*, 2014 U.S. Dist. LEXIS 8177, at *8, 2014 WL 257552 (N.D. Ill. Jan. 23, 2014) ("While the Court will liberally construe a *pro se* litigant's

complaint, the Court cannot assert Plaintiff's claims for him."). Plaintiff has failed to state a claim for justiciable relief, and therefore his claims should be dismissed with prejudice.

## CONCLUSION

WHEREFORE, as Plaintiff waived his arguments and forfeited his claims by failing to respond to Defendants' Motion to Dismiss, Defendants stand on their original brief and respectfully request that the Court dismiss Plaintiff's Complaint for failure to follow court orders, providing false information to the court, and failure to allege an injury. Moreover, Defendants request that the Court stay any responsive pleadings in this matter until the Court rules on this motion.

          Respectfully submitted,

          KIMBERLY M. FOXX
          State's Attorney of Cook County

By:   */s/ Rachael D. Wilson*
      Assistant State's Attorney
      500 Richard J. Daley Center
      Chicago, IL 60602
      (312) 603-2721
      Rachael.wilson@cookcountyil.gov
      Attorney No. 6333553

## CERTIFICATE OF SERVICE

I hereby certify that I have caused true and correct copies of the above and foregoing to be served on Plaintiff pursuant to ECF, in accordance with the rules of electronic filing of documents on this 4th day of June, 2021.

Gabriel Rojas
M47240
Hill – HIL
Hill Correctional Center
P.O. Box 1700
Galesburg, IL 61401

          */s/ Rachael D. Wilson*
          Rachael D. Wilson